# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ASHLEY PHILLIPS,                    )
                                    )
    Plaintiff(s),               )
                                    )
    vs.                         )       Case No. 4:21-cv-00175
                                    )
NESHER PHARMACEUTICALS,             )
LLC,                                )
                                    )
    Defendant(s).               )

## Memorandum and Order

Ashley Phillips claims that her employer violated Missouri's anti-discrimination laws after she had a baby and needed space and time to pump breast milk, and she filed suit in state court. Her employer, Nesher Pharmaceuticals, acknowledges that Phillips's drafted her petition[1] complaint to avoid asserting a claim under the Fair Labor Standards Act, but removed the case to this Court nonetheless. The Court lacks subject-matter jurisdiction and sua sponte remands this matter back to the Circuit Court of St. Louis County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## I.    Background

Phillips filed suit in St. Louis County Circuit Court. Doc. 6. She asserts claims—only under the Missouri Human Rights Act—for gender discrimination and retaliation. She does not assert any claim under any federal law. Nesher removed this action to federal court pursuant to 28 U.S.C. § 1441(a), arguing that "this Court has jurisdiction based on federal question pursuant

---

[1] A "petition" in Missouri state court serves as the analog of a federal "complaint."

to 28 U.S.C. § 1331[.]"  Doc. 1 at pp. 2–3.  After removing this action to federal court, Nesher

filed a motion to dismiss for failure to state a claim.  Docs. 10–11.

　　　In her complaint, Phillips alleges that she underwent a C-section in October 2018 and

returned to work in January 2019.  Doc. 6 at ¶¶ 15–16.  Upon her return, Phillips informed

Nesher that she could not work 12-hour shifts and needed time for breast-feeding.  *Id*. at ¶ 16.

Nesher took issue with Phillips's work limitations and other employees complained about

Phillips's schedule.  *Id*. at ¶¶ 17, 19.

　　　An employee in Nesher's Human Resources department referred Phillips to a bathroom

for breast-pumping.  *Id*. at ¶ 20.  Phillips "declined[,] stating she wanted an appropriate room,

per her rights as protected under The Patient Protection and Affordable Care Act amended

Section 7 of the Labor Standards Act, that went into effect March 23, 2010."  *Id*. at ¶ 21.  Nesher

then directed Phillips to a different room—a room converted into an office occupied by a male

employee.  *Id*. at ¶ 22.  The male employee occupying that room referred Phillips to "a cluttered

and dirty storage area."  *Id*. at ¶ 23.  Other Nesher employees constantly came into the room.  *Id*.

at ¶ 24.

　　　Eventually, Nesher directed Phillips to a different room—one that "was cleaner[,] but still

had people coming in and out retrieving supplies."  *Id*. at ¶ 25.  An employee in Nesher's Safety

& Security department made a sign indicating that the room could not be used, but people

ignored the signed and still came into the room.  *Id*. at ¶ 26.  In March 2019, the sign disappeared

from the door that Phillips had been using for pumping.  *Id*. at ¶ 33.  Phillips reported the

missing sign to an employee in Nesher's Safety & Security department, but never received a

response.  *Id*. at ¶¶ 34–35.

Phillips's supervisor frequently complained and talked to other employees about how long Phillips took to pump.  *Id*. at ¶¶ 28, 31.  Phillips met with Nesher's Human Resources department about time spent pumping.  *Id*. at ¶ 29.  The third time Phillips's supervisor asked Phillips how long, she declined to respond and told him to speak with Nesher's Human Resources department.  *Id*. at ¶ 32.

In July 2019, Phillips took time off because her stress caused her milk production to decrease.  *Id*. at ¶ 36.  Phillips visited her doctor, who gave her two weeks of time off and also referred her to a therapist for depression.  *Id*. at ¶ 37.  Phillips then requested time off under the Family Medical Leave Act and received approval for short term disability.  *Id*. at ¶¶ 38–39.  Nesher terminated Phillips in September 2019, and replaced her with a non-breastfeeding female.  *Id*. at ¶¶ 41–42.

## II.      Standard

A defendant may remove to federal court any state court civil action over which the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).  The federal court must remand the case to state court if it lacks subject matter jurisdiction.  *Id.* (citing 28 U.S.C. § 1447(c)).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *Id.*

## III.      Discussion

Nesher removes on the basis of federal-question jurisdiction.  To have federal-question jurisdiction, a claim in the case must "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To "aris[e] under the Constitution, laws, or treaties of the

3

United States," the complaint must assert on its face a claim under federal law, or, in certain limited situations, raise a substantial federal question.  The Court accordingly must determine whether any of Phillips's claims "aris[e] under the Constitution, laws, or treaties of the United States." *Id.*

### A.    Jurisdiction based on the face of the complaint or complete preemption

While Nesher does not argue that a federal question appears on the face of the complaint or that the FLSA preempts Phillips's state law claims, the Court briefly addresses these bases for federal subject matter jurisdiction.  "It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law." *Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty.*, 366 U.S. 656, 663 (1961) (citation omitted).  Here, Phillips only asserts claims under the MHRA, and thus no federal question appears on the face of the complaint.

However, the artful pleading doctrine allows removal where federal law *completely* preempts a plaintiff's state-law claim.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).  A plaintiff may not defeat removal by omitting necessary federal questions in its pleadings.  *Id*.  "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id*.  However, courts consistently hold that the FLSA does not completely preempt state law claims.  *See Fry v. Accent Mktg. Servs., L.L.C.*, No. 4:13-cv-00059-CDP, 2013 WL 2403669, at *2 (E.D. Mo. May 31, 2013) (collecting cases).  Accordingly, subject matter jurisdiction does not exist on the face of the complaint.

**B.     Jurisdiction Based on a substantial federal issue**

Nesher argues that Phillips raises a federal question under 29 U.S.C. §§ 207(r), 215(a)(3)

of the FLSA.  Doc. 1.  Section 207(r)(1) of the FLSA governs "[r]easonable break times for

nursing mothers" and guarantees, under federal law, that employers must provide:

> (A)     a reasonable break time for an employee to express breast milk for her
> nursing child for 1 year after the child's birth each time such employee has need to
> express the milk; and
>
> (B) a place, other than a bathroom, that is shielded from view and free from
> intrusion from coworkers and the public, which may be used by an employee to
> express breast milk.

Section 215(a)(3) of the FLSA prohibits retaliation "against any employee because such

employee has filed any complaint."  Nesher contends that because Phillips's factual allegations

center around the accommodations and treatment she received related to her breastfeeding, her

complaint requires a court to analyze whether Nesher complied with the FLSA's requirements.

Consequently, Nesher argues, Phillips's complaint necessarily raises a federal question under

section 207(r) of the FLSA.

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily

raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258

(2013).  That is, federal question jurisdiction may exist if a "state-law claim necessarily raise[s] a

stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial

responsibilities."  *Great Lakes Gas Transmission Ltd. P'Ship v. Essar Steel Minn., LLC*, 843

F.3d 325, 331 (8th Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (alterations in original).

Under *Grable*, the Court first determines if—in resolving Phillips's discrimination and retaliation claims under the MHRA—it must decide whether Nesher complied with the FLSA's requirements for nursing mothers.  For an employee to establish a *prima facie* case of sex discrimination under the MHRA, the employee must demonstrate: (1) the employee was a member of a protected class; (2) the employee was qualified to perform the job; (3) the employee suffered an adverse employment action; and (4) the employee was treated differently from other similarly situated employees of the opposite sex.  *Lampley v. Missouri Comm'n on Human Rights*, 570 S.W.3d 16, 24 (Mo. 2019) (citations omitted).  "To present a prima facie case of retaliation, the plaintiff must show (1) she complained of discrimination; (2) the employer took adverse action against her; and (3) a causal relationship existed between the complaint of discrimination and the adverse employment action." *McGaughy v. Laclede Gas Co.*, 604 S.W.3d 730, 751 (Mo. Ct. App. 2020), *reh'g and/or transfer denied* (May 21, 2020), *transfer denied* (Sept. 1, 2020) (citations and internal quotations omitted).

Based on these elements, Phillips's discrimination and retaliation claims do not rely upon proving that Nesher violated section 207(r).  Phillips does not seek recovery for a violation of section 207(r); rather she seeks to recover for the discrimination that she faced as a nursing mother as well as Nesher's retaliation, and her reference to section 207(r) and the allegations related to her breastfeeding accommodations serve as some of the alleged instances of discrimination.  Thus, the resolution of Phillips's MHRA claims do not hinge on whether Nesher and its employees violated section 207(r).  Instead, Phillips's claims turn on whether the actions of Nesher and its employees constitute gender discrimination and retaliation under the MHRA,

6

regardless of whether those actions violated section 207(r).  Federal courts consistently find that alleged violations of federal law do not create federal-question jurisdiction when those violations are alleged as instances of discrimination and retaliation under the MHRA.  *See Miller v. Metro. Sewer Dist.*, No. 4:10-cv-00363-JCH, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010); *Davis v. Oliver St. Dermatology Mgmt., LLC*, No. 4:17-cv-00250-FJG, 2017 WL 3494231, at *2 (W.D. Mo. Aug. 15, 2017); *Zampitella v. Walgreens Co*., No. 4:16-cv-00781 (CEJ), 2016 WL 3627290, at *3 (E.D. Mo. July 6, 2016).  These cases involve the FMLA, which like the FLSA at issue here, does not completely preempt state-law claims.  *Id*.  The reasoning of those cases applies with equal force here.

Additionally, a potential violation of section 207(r) does not form the sole basis of Phillips's claims.  For instance, Phillips alleges that her supervisor and other Nesher employees complained about how long it took her to pump and that a sign was removed from her door. Therefore, even assuming that Nesher complied with section 207(r), Phillips alleged separate facts that support that Nesher and its employees discriminated and retaliated against her.  Thus, a court need not consider whether Nesher violated the FLSA to determine whether it violated the MHRA.  *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004) (cited with approval in *Central Iowa Power Coop. v. Midwest Indep. Transmission Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009) ("If the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331."); *see also Mantlo v. Missouri Sch. Boards Ass'n*, No. 2:18-cv-04184-NKL, 2018 WL 6634485, at *2 (W.D. Mo. Dec. 19, 2018) (same).

Moreover, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc. v. Thompson*, 478

U.S. 804, 813 (1986).  Likewise, the "mere need to apply federal law in a state-law claim will [not necessarily] suffice to open the 'arising under' door."  *Grable*, 545 U.S. at 313; *see also Merrell Dow*, 478 U.S. at 807 (internal citation omitted) ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, . . .we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power.").  Thus, the complaint's references to the FLSA and the FMLA do not support finding that a federal question exists.

The Court presumes the second requirement of *Grable* is satisfied.  Although Phillips did not explicitly state in her complaint that Nesher violated the FLSA and she has not responded to Nesher's removal of this action, the Court will assume that Phillips contends that Nesher did not fulfill its FLSA obligations.  The Court then turns to the third requirement, the substantiality of the issue.  The claimed significance of the federal issue to the particular parties themselves does not satisfy the "substantiality" requirement.  *Gunn*, 568 U.S. at 260.  The substantiality inquiry instead looks to "the importance of the issue to the federal system as a whole."  *Id*.

In *Grable*, a quiet title action originally filed in state court, the Supreme Court held that the meaning of a federal tax provision, specifically the 26 U.S.C. § 6335 requirement that the IRS give adequate notice of seizure of real property to satisfy a federal tax delinquency, was "an important issue of federal law that sensibly belongs in a federal court."  545 U.S. at 315.  In contrast, in *Gunn*, an action for legal malpractice, the Supreme Court held the validity of a patent was not a significant issue, important to the federal system as a whole.  568 U.S. at 260–64.  The Supreme Court found the state court's resolution of the question of patent law in the context of a malpractice action would have no broader effects; it would not stand as binding precedent; and it would not affect the validity of the patent.  *Id*.

8

Here, unlike *Grable*, Phillips's claims involve the actions of a private employer, not a federal agency, and require a fact-specific inquiry into Nesher's employees' actions.  *See Roller v. Glazer's Distributors of Missouri,* No. 4:16-cv-00022-CDP, 2016 WL 2609804 (E.D. Mo. May 6, 2016) (remanding for lack of subject matter jurisdiction after the defendant removed to federal court arguing that the plaintiff's allegations related to breast-feeding accommodations raised a federal question under section 207); *Roller*, Doc. 1 at 2 (notice of removal).  The resolution of whether Nesher and its employees violated the FLSA "would not be dispositive of the case or controlling in any other cases."  *Roller*, 2016 WL 2609804 at *4.  Given the limited impact that a determination of whether Nesher also violated the FLSA would have on other courts, the Court finds that Nesher fails to demonstrate a "substantial" federal question.

Finally, the Court must determine if allowing the case to proceed in federal court would upset the appropriate balance of federal and state judicial responsibilities.  *Gunn*, 568 U.S. at 264.  In *Gunn*, the Supreme Court held the patent-law malpractice claim did not meet this fourth requirement because the case did not present a substantial federal issue, and the states have a "special responsibility to maintain standards" among attorneys.  *Id*.  The Court further held that the state's interest is especially great because of the role lawyers have in administering justice and as officers of the court.  *Id*.

Similarly, in this case, asserting federal subject-matter jurisdiction over this action would disrupt the federal-state balance approved by Congress.  Congress has not established exclusive federal jurisdiction over gender discrimination or employment conditions for breast-feeding mothers.  Additionally, states have a strong interest in ensuring employees do not face gender discrimination.  Moreover, adopting Nesher's rationale for removal would mean that this court has subject matter jurisdiction over any case involving the accommodation and treatment of

nursing mothers in the workplace.  Consequently, Missouri state courts would never be able to opine on whether actions such as those alleged in the complaint amount to discrimination under the MHRA.  Accordingly, on these facts, assuming jurisdiction of this case would raise significant federalism concerns.  *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

In sum, because Nesher has not satisfied the four elements of *Grable*, it has not established federal question jurisdiction.  While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 & n.7 (1987).  Although Phillips could have possibly brought her claims in federal court, she pleaded only state-law claims and this Court lacks subject-matter jurisdiction.  Accordingly, the Court remands this action back to the Circuit Court of St. Louis County.  Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 26th day of February 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

10